[Civil No. 1184.   Filed January 17, 1911.]

[112 Pac. 844.]

HANS HERLICK, Petitioner, v. LEO. M. HOGE, JOHN P. ORME and W. K. BOWEN, as and Composing the Board of Supervisors of the County of Maricopa, Territory of Arizona, and CARL HAYDEN, as Sheriff of Said Maricopa County, Arizona.

INTOXICATING LIQUORS—LICENSES—MANDAMUS TO COMPEL ISSUANCE OF LICENSE.—In view of Laws of 1903, No. 80, section 1, prohibiting the issuance of a license to sell liquors in less quantities than five gallons within six miles of any camp of men engaged in the construction or repair of any public work, where twenty-five or more men are employed, a peremptory writ of *mandamus* will not be granted to compel the issuance of a license to sell liquor in an incorporated city in which there was under construction a bridge, conceded by the petitioner to be a public work within the terms of the statute, where the only contention of petitioner is that the statute is not applicable to the case of a license for a sale in an incorporated city.

PETITION for a peremptory writ of *mandamus* to compel the issuance of a license to petitioner to sell spirituous liquor within the limits of the city of Phoenix.   Petition denied.

Eugene S. Ives and W. M. Seabury, for Petitioner.

G. P. Bullard, for Respondents.

PER CURIAM.—This is an original proceeding for a peremptory writ of *mandamus* to compel the board of supervisors and the sheriff of Maricopa county to issue a license to

the petitioner to sell spirituous liquor within the limits of the city of Phoenix.

The first section of Act No. 80 of the Laws of 1903 provides: "Section 1. It shall be unlawful for the sheriff or the treasurer of any county in this territory to grant a license to any person to sell, barter, exchange or otherwise dispose of malt, spirituous or vinous liquors in less quantities than five gallons within six miles of any camp or assembly of men engaged in the construction or repair of any railroad, canal, reservoir, public work or other kindred enterprise where twenty-five or more men are employed."

It is to be noted that in the case of a public work the law in question only applies to a public work of the character specified in the statute, and is then only applicable where in such work a construction camp of twenty-five or more men is maintained. In the case before us it is conceded by the petitioner that the construction of the so-called Center Street Bridge makes a case within the terms of the section of the statute; but it is contended that under the proper construction of the whole of Act No. 80 and by subsequent legislation the provisions of the section in question are not applicable to the case of a license for the sale in an incorporated city or town. The respondents aver that the sole reason for refusing to issue the license is that the section in question is operative and prohibitory.

While all the members of the bench have participated in our determination in the matter, the members are not all in accord in their views, or in the reasons for the result reached. The members of the bench are, however, unanimously of the opinion that the applicant has not shown such a clear right to the relief demanded as to warrant the granting of the application and the issuance of the writ.

The application for a peremptory writ of *mandamus* is therefore denied.